## Wilson *v.* Marvin Rulofson Company, Appellant.

*Ejectment—Boundaries—Conflicting testimony—Province of court and jury.*

In an action of ejectment where the case turns on the true location of a particular line of a warrant, and the evidence on the subject is conflicting on every material point, the credibility of the surveyors who are called as witnesses, the existence and significance of marks on the ground of companion surveys in the same and adjoining lots, and the genuineness and weight to be given to what purports to be ancient documents and old field notes, are for the consideration of the jury.

*Ejectment—Evidence—Warrant—Certificate of secretary of internal affairs.*

In an action of ejectment where the question in controversy is the local tion of a line of a particular warrant, a certificate of the secretary of internal affairs to the effect that an adjoining warrant was only once located, is admissible in evidence, although it certifies a negative.

*Ejectment—Boundaries—Ancient documents—Comment of court.*

In an action of ejectment where the defendants seek by ancient documents and old notes of surveys to corroborate the lines adopted by their surveyors by work done on the ground not long before the trial, the court commits no error in saying to the jury that the papers should be carefully scrutinized, and unless the jury find that they are genuine, and of the ages claimed for them, they should not be given any weight in locating the lines in controversy.

Argued Oct. 16, 1901.    Appeal, No. 125, Oct. T., 1900, by defendant, from judgment of C. P. Jefferson Co., Feb. T., 1884, No. 124, on verdict for plaintiffs in case of S. Win Wilson et al. v. Marvin Rulofson Company. Before McCollum, C. J., Mitchell, Dean, Brown, Mestrezat and Potter, JJ.  Affirmed.

Ejectment for 141 acres of land in Eldred township.    Before Morrison, P. J., specially presiding.

The case was previously reported in 172 Pa. 30.

The facts sufficiently appear by the opinion of the Supreme Court.

*Errors assigned* among others were (4) instruction as to ancient documents quoted in the opinion of the Supreme Court; (5) admission of certificate of secretary of internal affairs; (6) in entering judgment for plaintiff.

*C. Heydrick* and *Thomas H. Murray*, with them *Alexander C. White* and *Don C. Corbett*, for appellant.

*B. J. Reid*, with him *G. A. Jenks, C. Z. Gordon, George W. Means* and *B. M. Clark*, for appellee.

PER CURIAM, November 8, 1901 :

This ejectment has been tried three times in the court below. The first trial resulted in a verdict for plaintiff, the evidence having been submitted to the jury; it satisfied neither party and both moved for a new trial ; the court below after argument set the verdict aside and granted a new trial.  On the second trial the court gave peremptory instructions to the jury to find for plaintiffs ; from judgment on this verdict defendants appealed to this court and the judgment was reversed on the ground that there were questions of fact which should have been submitted to the jury.  See Wilson et al. v. Marvin et al., 172 Pa. 30.  At the third trial, which is now before us for review, the learned trial judge submitted the evidence to the jury, who found for plaintiffs and defendants prefer the present appeal.

A careful perusal of the voluminous testimony discloses no error in the charge of the court.  The forcible argument of appellants' counsel, only tends to raise a doubt as to whether the jury made a mistake in their finding ; but it raises no doubt in our minds as to our duty under the law.  We have no power over their verdict, on competent but conflicting evidence, and there was conflicting evidence on every material point in controversy ; the credibility of the numerous surveyors and other witnesses, the existence and significance of marks on the ground, of companion surveys in the same and adjoining blocks, the genuineness and weight to be given to what purported to be ancient documents and old field notes were all for their consideration, not ours.

The plaintiffs showed a good paper title to the land in controversy, or rather to so much of warrant No. 3540 as lay in Eldred township, Jefferson county, east of the county line between Jefferson and Clarion counties.  Nor was the location of No. 3540, with relation to the other surveys in its block seriously disputed.  Its north line was not in dispute, for it was

agreed that the south line of its adjoiner No. 3407 was the north line of the disputed survey. The real dispute was as to the true location of the southern line of No. 3540. Around this point the controversy was waged in the court below. Plaintiffs claimed from the evidence, that it was a line parallel to the north line and 165.6 rods south of it. The defendants claimed, while admitting the north line as averred by plaintiffs, that the true location of the southern line was only thirty rods south of the north line instead of 165.6 rods as claimed by plaintiffs. The evidence on each side tended to establish each side of the controversy. So far as we can discern, all of it was material. The court could not have kept it from the jury, neither can we.

A question is raised as to the competency of the certificate given by the secretary of internal affairs: "That the Dr. William Smith warrant was only once located" defendants having claimed that it was located adjoining to and as the southern boundary of No. 3540; plaintiffs alleged it was located more than four miles south of No. 3540 and that the return to the land office of it and adjoining surveys showed this to be the true location and the only location. We think the evidence was competent; true, it certified a negative, but one which appeared from an inspection of the returns of surveys in the land office by the proper officer.

Complaint is also made of the extra cautionary language of the learned judge in submitting to the jury ancient documents and old notes of surveys, in the custody of the trustees of the Bingham estate. The court ruled that these were admissible, yet said to the jury, " they should be carefully scrutinized and unless you find that they are genuine and of the ages claimed for them you will not give them any weight in locating the south line of No. 3540." When it is noted, that defendants sought by these ancient papers to corroborate the lines adopted by their surveyors by work done on the ground not long before the trial, we think the suggestion to scrutinize the documents was entirely proper, for the value of the oral testimony might largely, if not wholly depend, on the genuineness of the documents and their dates.

We can find no such merit in any of the assignments of error as calls for a reversal of the judgment; it is accordingly affirmed and appeal dismissed at cost of appellants.